UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LAMAR McCLENDON,

   Petitioner,                              Civil No. 05-CV-72219-DT
                                              HONORABLE NANCY G. EDMUNDS
v.                                       UNITED STATES DISTRICT JUDGE

BRUCE L. CURTIS,

   Respondent,

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

      Kenneth Lamar McClendon, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in his *pro se* "Emergency Petition for Writ of Habeas Corpus as of Right." Although petitioner does not specifically delineate the state court judgment that he is challenging, petitioner has attached to his petition a document entitled "In Re: Motion to Dismiss for Lack of Jurisdiction" which was filed in the Wayne County Circuit Court under case number 95-8055. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Wayne County Circuit Court under this case number of manslaughter, contrary to

1

M.C.L.A. 750.321 and was sentenced to fifteen to twenty two years, six months in prison on December 15, 1995. Petitioner's conviction was affirmed on appeal. *People v. McClendon,* 1998 WL 1992554 (Mich.Ct.App. May 1, 1998); *lv. den.* 459 Mich. 939; 590 N.W. 2d 64 (1999). A review of the Michigan Court of Appeals' opinion indicates that petitioner was convicted by a jury and further indicates that in addition to being convicted of manslaughter, petitioner was also convicted of being a second felony habitual offender, contrary to M.C.L.A. 769.10.

Petitioner has now filed the instant petition for writ of habeas corpus. The allegations in the petition are rambling and difficult to understand, but it appears that petitioner's primary challenge to his conviction is that the Wayne County Circuit Court lacked jurisdiction to try him. Petitioner also claims that he was never served with an actual copy of the criminal complaint against him and claims that he was never informed of the nature of the charges against him. In his "Writ of Praecipe to the Clerk", which he has also attached to his petition, petitioner claims, in conclusory fashion, that he was denied the effective assistance of counsel. Petitioner further claims that he was denied his Fifth Amendment right to be charged by indictment. Petitioner further claims that his constitutional right to travel has been violated. Petitioner further claims that his Thirteenth Amendment right to be free from involuntary servitude has also been violated by the State of Michigan.

## I. Discussion

The petition for writ of habeas corpus must be dismissed because petitioner

has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crime for which he was convicted. Petitioner appears to argue that the state courts lacked jurisdiction to try him because he revoked his

signature on his Michigan Driver's License and reserved his rights pursuant to provision 1-207 of the Uniform Commerical Code. Petitioner also appears to claim that he is a citizen of the "Michigan Republic", although he fails to explain how this status would deprive the State of Michigan from having jurisdiction to prosecute him.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, petitioner's jurisdictional claim is totally without merit. Other courts have rejected similar jurisdictional claims as being frivolous. *See State v. Arnold,* 379 N.W. 2d 322, 323 (S.D. 1986)(trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *See also Kerr v.*

4

*Hedrick,* 89 Fed. Appx. 962, 963 (6th Cir. 2004)(rejecting petitioner's claim that he was exempt from punishment for his federal crimes because his rights derive exclusively from the Moorish Science Temple of America); *United States v. Studley,* 783 F. 2d 934, 937 (9th Cir. 1986)(despite defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue code and thus subject to prosecution for willful failure to file tax returns)*; United States v. Williams,* 532 F. Supp. 319, 320 (D.N.J. 1981)(rejecting claim that federal government lacked jurisdiction to prosecute defendant who claimed to be a citizen of the "Republic of New Afrika", finding that this was not a sovereign nation recognized by the United States, but was, at most, a black separatist movement). In addition, any reliance by petitioner on the Uniform Commerical Code (U.C.C.) in support of his jurisdictional argument is also without merit, because the U.C.C. is inapplicable to criminal proceedings. *See United States v. Humphrey,* 287 F. 3d 422, 435 (6th Cir. 2002); *United States v. Holloway,* 11 Fed. Appx. 398, 400 (6th Cir. 2001).

Petitioner also claims that he was never served with a copy of the criminal complaint against him and that he was never informed of the charges against him.

A state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. *Lucas v. O'Dea,* 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state

prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F. 2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F. 2d 636, 639 (6th Cir. 1986); *Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). In addition, an accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, such as a bill of particulars, a preliminary examination, and criminal pre-trial discovery. *Dowell v. C.M. Lensing,* 805 F. Supp. 1335, 1343 (M.D. La. 1992).

In the present case, the Michigan Court of Appeals indicated in its opinion that a preliminary examination was conducted in this case, after which petitioner was bound over to trial on the original charge of first-degree murder. *People v. McClendon,* 1998 WL 1992554, * 3, 5. Because petitioner was made aware at the conclusion of the preliminary examination that he was being bound over on the charge of first-degree murder, petitioner had adequate notice of the charge and an

opportunity to defend against the charge.  Moreover, there was a trial conducted in this case.  The Ninth Circuit has observed that neither *Cole v. Arkansas*, *supra*, nor *In re Oliver*, *supra,* "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." *See Troches v. Terhune,* 74 Fed. Appx. 736, 737 (9th Cir. 2003).  Petitioner has failed to show that he lacked adequate notice of the charges against him in this case.

Petitioner next contends that he was deprived of the effective assistance of trial counsel, but offers no specific facts in support of his claim.  Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003); *Reedus v. Stegall,* 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001). Because petitioner's ineffective assistance of counsel claim is conclusory and unsupported, he is not entitled to habeas relief on his claim.

Petitioner next contends that his conviction was unconstitutional, because he was never indicted by a grand jury.  The federal guarantee of a charge by indictment, however, does not apply to the states. *See Lucas v. O'Dea,* 179 F. 3d at 417.  Therefore, petitioner is not entitled to habeas relief on this claim.

Petitioner next contends that his constitutional right to travel has been violated.  As a general rule, convicted criminals enjoy no fundamental right to travel. *See Jones v. Helms,* 452 U.S. 412, 419 (1981)*; See also Lines v. Wargo,* 271 F. Supp. 2d 649, 661 (W.D. Pa. 2003); *Jones v. Evans,* 932 F. Supp. 204, 207 (N.D.

Ohio 1996). Petitioner has been duly convicted and therefore enjoys no constitutional right to travel.

Petitioner lastly contends that his Thirteenth Amendment right to be free from involuntary servitude has been violated. The Thirteenth Amendment has an express exception for persons who have been imprisoned pursuant to a conviction for a crime. *See Pischke v. Litscher,* 178 F. 3d 497, 500 (7th Cir. 1999); *See also Tracy v. Keating,* 42 Fed. Appx. 113, 116 (10th Cir. 2002)(Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime); *Canell v. Multnomah County,* 141 F. Supp. 2d 1046, 1058 (D. Or. 2001)(convicted criminals are not protected by Thirteenth Amendment against involuntary servitude).

## II. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d at 658.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: June 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager